Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission *v.* Upper Darby Cab Company, Appellant.

Argued September 13, 1976, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Joseph R. Young,* with him *Butler, Beatty, Greer & Johnson,* for appellant.

*William T. Hawke,* Assistant Counsel, with him *Edward J. Morris,* Counsel, for appellee.

OPINION BY JUDGE BLATT, December 21, 1976:

The Upper Darby Cab Co. (Upper Darby) appeals an order of the Pennsylvania Public Utility Commission (PUC) fining the company $1,000 for violating Section 202(e) of the Public Utility Law[1] and a PUC Bus and Taxicab Regulation,[2] requiring Upper Darby

---

[1] Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1122(e), which requires prior PUC approval:

> (e) For any public utility . . . to acquire from, or to transfer to, any person or corporation, including a municipal corporation, *by any method or device whatsoever,* including a consolidation, merger, sale or lease, the title to, or the possession or use of, any tangible or intangible property used or useful in the public service. . . . (Emphasis added.)

[2] Rule 15, Part IV, added to the Pennsylvania Public Utility Commission Bus and Taxicab Regulations August 25, 1958:

> *Equipment, Ownership and Operation.* Every vehicle operated as a taxicab shall be owned and registered in the name of the certificate holder. No such vehicle shall be operated ex-

to cease conducting business in a manner which effectively transfers use, control and operations of its taxicabs to certain of its drivers, and also requiring the company to use proper accounting procedures so that actual gross revenues will be reported.

Upper Darby offers an optional compensation arrangement elected by approximately one-third of its drivers who, under the plan, retain all gross receipts in excess of $70 per week paid to Upper Darby. Each driver pays for fuel and repairs to an assigned taxicab which remains out of service when the driver is off-duty. All of Upper Darby's drivers are assigned to work specific shifts and are required to submit logs of fares collected.

After a hearing on a complaint instituted by its own motion, the PUC found that Upper Darby transferred the use, control, and operation of its taxicabs to one or more drivers by oral rental-lease agreements and that the company's bookkeeping failed adequately to reflect gross revenues. Upper Darby has admitted that prior accounting practices were faulty, has taken corrective action, and does not now contest this finding. It argues, however, that the record does not support a finding that control of its taxicabs has been transferred to its drivers.

Without detailing all of the evidence, the record here includes testimony that some drivers do not adhere to their assigned schedules, that some operate outside the territorial boundaries of the certificate holder, that titles to taxicabs are transferred from Upper Darby to individuals who terminate their employment, that assigned vehicles may be kept in the

cept by the certificate holder or an employee of the certificate holder. Taxicab operation and service shall be under the direct control and supervision of the certificate holder.

This regulation, with minor changes in wording, is now published at 52 Pa. Code §29.136.

possession of the driver during off-duty hours, and that some drivers permit persons other than Upper Darby employes to drive their assigned cab. This, in our opinion, constitutes substantial evidence to support the PUC ruling.

Upper Darby raises other issues which this Court has fully discussed in *Pennsylvania Public Utility Commission v. Bates Taxi, Inc.*, 28 Pa. Commonwealth Ct. 1, 367 A.2d 355 (1976) and consolidated for argument with this case.

We believe that the PUC has committed no error of law and that its findings and conclusions are supported by substantial evidence. We, therefore, dismiss this appeal and affirm the PUC order.

### ORDER

AND Now, this 21st day of December, 1976, the order of the Pennsylvania Public Utility Commission dated November 25, 1975 is affirmed.

